W. E. GRAY v. THE FARMERS' MUTUAL LIVE STOCK INSURANCE ASSOCIATION, Appellant.

**Principal and Agent:** PRIVITY OF CONTRACT. The right of an agent to compensation for services performed for his principal, is not affected by the fact that he entered into a contract with other agents by which they were to pool their earnings as agents and divide them equally.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

MONDAY, FEBRUARY 3, 1896.

THE defendant is a corporation duly organized under the laws of this state, and is engaged in the insurance of live stock. The plaintiff brought this action to recover for services rendered to the defendant as its agent. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*Stevenson & Lavender* for appellee.

ROTHROCK, C. J.—The case requires very brief consideration. It appears that the plaintiff was duly

appointed agent of the company. He held a certificate as such from the auditor of state, and in pursuance of his employment he solicited insurance and adjusted losses and claims against the company. There is no real question as to the amount of compensation to which the plaintiff is entitled for his services.. The defendant insists that it was under no obligation to pay him anything. In its answer it set up a written contract signed by S. W. Johnson, W. J. Beaman, George Lochrie, and the plaintiff, by which it appears that said parties undertook to do most, if not all, of the business for the company. They were to "devote their time, talents, and ability" to the business of the corporation, and each one was to receive for said services an equal amount with each other, provided the time employed was the same. The contention of the defendant is that this contract is a defense to the action. The court below did not concur in that view, and we think the ruling of the court on that question was right. The written contract is quite lengthy, and need not be set out in this opinion. It is sufficient to say that the defendant was not a party to the contract. It was in no way bound by it. Its liability to its agents for their services was in no way affected by it. It was a contract between the four agents who signed it, by which the separate earnings of each was to be added to the others, and each was to have one-fourth of the aggregate amount. Other questions are discussed by counsel, which we do not think require special consideration. We discover no error, and the judgment of the district court is AFFIRMED.